## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HORACE & PAMELA SINCLAIR** | * | **CIVIL ACTION:** |
| | * | |
| | * | **JUDGE** |
| **VERSUS** | * | |
| | * | **SECTION " "** |
| **STATE FARM FIRE AND CASUALTY** | * | |
| **COMPANY** | * | **MAGISTRATE** |

*************************************************************************

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes defendant, State Farm Fire and Casualty Company ("State Farm"), which files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446 and hereby removes this matter from the Civil Judicial District Court for the Parish of Orleans, State of Louisiana, to the docket of this Honorable Court.

### I.   INTRODUCTION

1.

Plaintiffs brought this action against State Farm in the Civil Judicial District Court for the Parish of Orleans, State of Louisiana, bearing Case No. 09-10527, Division G-11, and entitled "*Horace & Pamela Sinclair v. State Farm Fire and Casualty Company*."  (See Plaintiffs' Petition attached in its entirety hereto as **Exhibit A**).

2.

The suit seeks damages and penalties from State Farm for its alleged failure to provide coverage and payment for certain claims made under Plaintiffs' homeowners insurance policy in connection with Hurricane Katrina. In addition to Plaintiffs' claims under the terms of the policy, Plaintiffs seek general and specific damages, as well as damages, penalties and attorney's fees under Louisiana Revised Statutes 22:1892 and 22:1973[1].

### I. REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

3.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states…."

#### A. THE PARTIES ARE CITIZENS OF DIFFERENT STATES

4.

Here, Horace & Pamela Sinclair are citizens of the State of Louisiana;[2] State Farm is incorporated and has its principal place of business in Illinois. Therefore, State Farm is domiciled in the State of Illinois. Thus, complete diversity of citizenship exists between the parties.

#### B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS

5.

Based upon information and belief, the amount in controversy facially exceeds $75,000.

---

[1] Plaintiff's petition seeks damages under La. R.S. 22:658 and 22:1220; it does not reference La. R.S. 22:1892 or 22:1973. Those statutes (La. R.S. 22:658 and 22:1220) have been re-designated as La. R.S. 22:1892 and 22:1973. State Farm will refer to them under their new designation throughout this pleading.
[2] *See* Plaintiffs' Petition, ¶ I

6.

When plaintiffs allege an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir.1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995). A defendant satisfies this burden either: (1) by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or (2) by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Allen* at 1335.

7.

While State Farm admits neither liability nor any element of damages, Plaintiffs' Petition facially supports a finding that the amount in controversy exceeds $75,000.

8.

Plaintiffs allege that "…On August 29, 2005 Hurricane Katrina caused **total loss** of each Plaintiff's property, including but not limited to roof damage and damage to the interior, including its contents. This damage rendered the real property uninhabitable for an extended period of time. This damage was caused by wind and wind driven rain. Wind was the efficient proximate cause of all this damage, causing a total loss of the property…"[3]

9.

The coverage on Plaintiffs' homeowners policy (the "Policy") provides the following coverage limits: (1) $131,372 for dwelling ("Coverage A"); (2) $98,529 ("Coverage B"); and (3) actual loss sustained for Loss of Use/ALE ("Coverage C"). Following Hurricane Katrina, State Farm paid to the Plaintiffs $6,168.43 under Coverage A and $156.66 under Coverage B.

---

[3] *See* Plaintiffs' Petition, ¶ V.

Therefore, there is at least $223,575.91 in available limits under Coverage A and B plus an undetermined amount under Coverage C under the Policy. Here, the Plaintiffs are seeking policy limits.[4]

10.

In addition to the claims under the policy, the Plaintiffs seek damages, penalties, and attorney's fees under Louisiana Revised Statutes La. R.S. 22:1892 and 22:1973.[5]

11.

Plaintiffs' claims can be summarized from the Petition as follows:

- Payment of policy limits for structure;
- Payment of policy limits for other structures;
- Payment of policy limits for contents;
- Payment of policy limits for debris removal;
- Payment of policy limits for additional living expenses/loss of use;
- Double damages pursuant to LSA R.S. 22:1892;
- Penalties pursuant to LSA R.S. 22:1973;
- Attorney fees;
- Court costs; and
- Any relief which this court deem fair and equitable.[6]

12.

Further, this lawsuit is a duplicate of an identical lawsuit which is already pending in the United States District Court for Eastern District of Louisiana. The duplicate lawsuit involves the same claims asserted by the same Plaintiffs against the same Defendant under the same policy of insurance. **(See Exhibit B: Plaintiffs' Federal Complaint)** In fact, on July 8, 2009 in the duplicate Federal Court lawsuit, the Plaintiffs affirmatively admitted to the Federal Court that federal jurisdiction was established. **(See Exhibit C: Scheduling Order)** Moreover, on July 8, 2009, the Federal Court Judge signed an Order stating that "...jurisdiction and venue

---

[4] *See* Plaintiffs' Petition, ¶ IX.
[5] *See* Plaintiffs' Petition, ¶ ¶ VII, IX, and "Prayer for Relief".
[6] *See* Plaintiffs' Petition, ¶ IX.

are established..." Thus, State Farm submits that the issue of jurisdiction is *res judicata,* and the Plaintiffs filing of the duplicate lawsuit in State Court was done by the Plaintiffs in bad faith.

13.

Further, in the duplicate Federal Court lawsuit, the Plaintiffs submitted Rule 26 Initial Disclosures claiming damages of $189,420 plus penalties.

14.

While State Farm admits no liability or any element of damages, when the penalties and attorney fees claimed by Plaintiffs are factored in, the facts and allegations in the Plaintiffs' Petition support a finding that the amount in controversy herein likely exceeds $75,000.

### C.   THE PLAINTIFFS DID NOT FILE A BINDING STIPULATION LIMITING RECOVERY *WITH ITS COMPLAINT*

15.

To determine whether jurisdiction is present for removal, federal courts consider the claims made in the state court petition as they existed at the time of removal. See *Manguno v. Prudential Property & Casualty Inc. Co.*, 276 F.3d 720 (5th Cir. 2002).

16.

The United States Supreme Court has held that, with respect to the amount in controversy, a plaintiff must make all information known at the time he files the complaint. See *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). Further, the Fifth Circuit has held that when a state law prohibits a plaintiff from including an *ad damnum* clause, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant." *De Aguilar*, 47 F.3d at 1412, *quoting In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir.1992) (per curiam), *citing St. Paul Mercury Indemnity Co. v. Red Cab Co.,*

303 US 283, 58 S.Ct. 586 (1938).  The state court stipulation from the plaintiff must include the renunciation of the right to enforce a judgment in an amount greater than $75,000.  *See Davis v. State Farm and Casualty, et. al.,* 2006 WL 1581272, *2 (E.D.La. 2006).

17.

Plaintiffs have made no such binding stipulation and renunciation.

18.

While State Farm admits neither liability nor any element of damages, under the rules of *De Aguilar, Allen* and *Davis,* State Farm has met its burden of showing the amount in controversy is in excess of $75,000.

19.

This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332 et seq., as the amount in controversy exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

**II.      STATE FARM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

20.

The Louisiana Secretary of State, State Farm's agent for service of process, was served with the petition on October 21, 2009.  State Farm first received notice of this lawsuit on October 23, 2009, via transmission from the Secretary of State.  **(Exhibit D).**

21.

This Notice of Removal was filed within thirty (30) days after State Farm first received a copy of the initial pleadings setting forth the claim for relief upon which this action is based, and is therefore timely under 28 U.S.C. § 1446(b).

22.

Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached as **Exhibit A**. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiffs and a copy is being filed with the Clerk of Court for the Civil Judicial District Court for the parish of Orleans, the Parish where Plaintiffs filed the Petition for Damages.

23.

No previous application has been made for the relief requested herein.

24.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

### III.    THE EASTERN DISTRICT OF LOUISIANA IS THE PROPER VENUE FOR THIS ACTION

25.

The Civil Judicial District Court for the parish of Orleans, where Plaintiffs filed the Petition for Damages, is located within the Eastern District of Louisiana. 28 U.S.C. § 98(a). Therefore, venue is proper pursuant to 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending." See 28 U.S.C. § 1441(a).

**WHEREFORE**, Defendant, State Farm Fire and Casualty Company prays that this Notice of Removal will be deemed good and sufficient, and that this matter will be accepted onto this court's docket.

>Respectfully submitted,
>
>*/s/Adam P. Massey*
>CHRISTIAN A. GARBETT, SR., #26293
>ADAM P. MASSEY, #29330
>KING, KREBS & JURGENS, P.L.L.C.
>201 St. Charles Avenue, Suite 4500
>New Orleans, Louisiana 70170
>Telephone: (504) 582-3800
>Facsimile:  (504) 582-1233
>cgarbett@kingkrebs.com
>amassey@kingkrebs.com
>
>*Attorneys for State Farm Fire and Casualty Company*

### CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2009 I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

>*/s/ Adam P. Massey*
>ADAM P. MASSEY

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **HORACE & PAMELA SINCLAIR** | * | **CIVIL ACTION:** |
| | * | |
| | * | **JUDGE** |
| **VERSUS** | * | |
| | * | **SECTION " "** |
| **STATE FARM FIRE AND CASUALTY** | * | |
| **COMPANY** | * | **MAGISTRATE** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**CERTIFICATE OF COMPLIANCE WITH 28 U.S.C. § 1446(d)**

I hereby certify that a copy of the foregoing Notice of Removal has been placed in the United States Mail, with proper and sufficient postage affixed, addressed to:

> **Horace and Pamela Sinclair**
> Through their attorney of record,
> Lawrence J. Centola
> Hurricane Legal Center, LLC
> 600 Carondelet Street, Suite 602
> New Orleans, LA 70130

I hereby further certify that a copy of the foregoing Notice of Removal has also been placed in the United States Mail, with proper and sufficient postage affixed, addressed to:

> Clerk of Court,
> Civil District Court for the Parish of Orleans
> 421 Loyola Ave.
> New Orleans, LA 70112

{N0291024 -}                                                    9

for filing in the record in the state court action entitled: "*Horace and Pamela Sinclair v. State Farm Fire and Casualty Company*," bearing Case No. 2009 - 10527, Division I-14, on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana.

Respectfully submitted,

/s/Adam P. Massey
CHRISTIAN A. GARBETT, SR., #26293
ADAM P. MASSEY, #29330
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, Suite 4500
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile:  (504) 582-1233
cgarbett@kingkrebs.com
amassey@kingkrebs.com

*Attorneys for State Farm Fire and Casualty Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2009 I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

/s/ Adam P. Massey
ADAM P. MASSEY